(Slip Opinion)    OCTOBER TERM, 2022    1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## DUPREE *v.* YOUNGER

CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 22–210.  Argued April 24, 2023—Decided May 25, 2023

Respondent Kevin Younger claims that during his pretrial detention in a Maryland state prison, petitioner Neil Dupree, then a correctional officer lieutenant, ordered three prison guards to attack him.  Younger sued Dupree for damages under 42 U. S. C. §1983, alleging excessive use of force.  Prior to trial, Dupree moved for summary judgment under Federal Rule of Civil Procedure 56(a), arguing that Younger had failed to exhaust administrative remedies as required by law.  Rule 56 requires a district court to enter judgment on a claim or defense if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The District Court denied the motion, finding no dispute that the Maryland prison system had internally investigated Younger's assault, and concluding that this inquiry satisfied Younger's exhaustion obligation.  At trial, Dupree did not present evidence relating to his exhaustion defense.  The jury found Dupree and four codefendants liable and awarded Younger $700,000 in damages.  Dupree did not file a post-trial motion under Rule 50(b), which allows a disappointed party to file a renewed motion for judgment as a matter of law.  He appealed a single issue to the Fourth Circuit: the District Court's rejection of his exhaustion defense.  The Fourth Circuit—bound by its precedent which holds that any claim or defense rejected at summary judgment is not preserved for appellate review unless it was renewed in a post-trial motion—dismissed the appeal.

*Held*: A post-trial motion under Rule 50 is not required to preserve for appellate review a purely legal issue resolved at summary judgment. In *Ortiz* v. *Jordan*, the Court held that an order denying summary judgment on sufficiency-of-the-evidence grounds is not appealable after trial.  562 U. S. 180, 184.  Because the factual record developed at

trial "supersedes the record existing at the time of the summary-judgment motion," *ibid.*, it follows that a party must raise a sufficiency claim in a post-trial motion in order to preserve it for appeal, *id.*, at 191–192. That motion allows the district court to take first crack at the question that the appellate court will ultimately face: Was there sufficient evidence *in the trial record* to support the jury's verdict?

The same is not true for pure questions of law resolved in an order denying summary judgment. These conclusions are not "supersede[d]" by later developments in the litigation, *id.*, at 184, and so such rulings merge into the final judgment, at which point they are reviewable on appeal, *Quackenbush* v. *Allstate Ins. Co.*, 517 U. S. 706, 712. The reviewing court does not benefit from having a district court reexamine a purely legal pretrial ruling after trial, because nothing at trial will have given the district court any reason to question its prior analysis.

Younger's counterarguments are unpersuasive. *Ortiz* does not hold, as Younger contends, that any order denying summary judgment—whether decided on legal or factual grounds—is unreviewable under 28 U. S. C. §1291. While an interlocutory order denying summary judgment is typically not immediately appealable, §1291 does not insulate interlocutory orders from appellate scrutiny, but rather delays their review until final judgment. And while Younger insists there should be no two-track system of summary judgment, in which factual and legal claims follow different routes, nothing in Rule 56 supports his argument for uniformity. On the contrary, fitting the preservation rule to the rationale (factual or legal) underlying the summary-judgment order is consistent with the text of Rule 56. It also makes sense: Factual development at trial will not change the district court's pretrial answer to a purely legal question, so a post-trial motion requirement would amount to an empty exercise. Finally, while Younger predicts that a separate preservation rule for legal issues will prove unworkable because the line between factual and legal questions can be "vexing" for courts and litigants, *Pullman-Standard* v. *Swint*, 456 U. S. 273, 288, experience demonstrates that Younger overstates the need for a bright-line rule. "Courts of appeals have long found it possible to separate factual from legal matters." *Teva Pharmaceuticals USA, Inc.* v. *Sandoz, Inc.*, 574 U. S. 318, 328. Here, the Court does not decide whether the issue Dupree raised on appeal is purely legal, and remands for the Fourth Circuit to evaluate that question in the first instance. Pp. 4–9.

Vacated and remanded.

BARRETT, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# SUPREME COURT OF THE UNITED STATES

_____

No. 22–210
_____

## NEIL DUPREE, PETITIONER *v.* KEVIN YOUNGER

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

[May 25, 2023]

JUSTICE BARRETT delivered the opinion of the Court.

In *Ortiz* v. *Jordan*, we held that an order denying summary judgment on sufficiency-of-the-evidence grounds is not appealable after a trial. 562 U. S. 180 (2011). Thus, a party who wants to preserve a sufficiency challenge for appeal must raise it anew in a post-trial motion. The question presented in this case is whether this preservation requirement extends to a purely legal issue resolved at summary judgment. The answer is no.

## I

### A

The Federal Rules of Civil Procedure empower district courts to direct the entry of judgment before, during, or after trial. Before trial, the defendant can file a motion to dismiss the complaint based on certain defenses, such as lack of jurisdiction or failure to state a claim upon which relief can be granted. Fed. Rule Civ. Proc. 12(b). If the district court denies that motion (or any other Rule 12 motion), the case advances to discovery for the parties to marshal evidence supporting their claims and defenses. During or

after that process, either party can move for summary judg-
ment under Rule 56, which requires a district court to enter
judgment on a claim or defense if there is "no genuine dis-
pute as to any material fact and the movant is entitled to
judgment as a matter of law."  Fed. Rule Civ. Proc. 56(a).

If the plaintiff's claims survive summary judgment, the
case proceeds to trial.  After the presentation of evidence,
but before the case is submitted to the jury, Rule 50(a) au-
thorizes either party to move for judgment as a matter of
law.[1]  This standard largely "mirrors" the summary-judg-
ment standard, the difference being that district courts
evaluate Rule 50(a) motions in light of the trial record ra-
ther than the discovery record.  *Anderson* v. *Liberty Lobby,
Inc.*, 477 U. S. 242, 250–251 (1986).

If the district court does not grant the motion, then the
jury will render a verdict.  After the verdict, Rule 50(b) per-
mits a disappointed party to file a renewed motion for judg-
ment as a matter of law (which may also include a request
for a new trial under Rule 59).  The next step for a party
who fails to obtain post-trial relief is an appeal.

B

While Kevin Younger was being held as a pretrial de-
tainee in a Maryland state prison, three corrections officers
assaulted him.  Younger believed that Neil Dupree, a for-
mer lieutenant in the prison, had ordered the attack.  He
sued Dupree and other prison officials for damages under
42 U. S. C. §1983, alleging that they had used excessive
force in violation of his Fourteenth Amendment due process
rights.

Dupree moved for summary judgment, arguing that
Younger had failed to exhaust his administrative remedies
as required by the Prison Litigation Reform Act, 42 U. S. C.

───────────
[1] If the parties waive their rights to a jury or seek relief that does not
entitle them to a jury, the district court will hold a bench trial, which is
governed by Rule 52.

§1997e(a). The District Court denied the motion. It noted factual disagreements between the parties about whether Younger had adhered to Maryland's Administrative Remedy Procedure but concluded that it "need not resolve [those] disputes." *Younger* v. *Green*, Civ. No. 16–3269 (D Md., Dec. 19, 2019), App. to Pet. for Cert. 42a. Instead, the court observed that there was "no dispute" that the Maryland prison system had internally investigated Younger's assault. *Ibid.* And it held that this inquiry satisfied Younger's exhaustion obligation.

The case then proceeded to a jury trial. Dupree did not present any evidence relating to his exhaustion defense, nor did he invoke exhaustion in his Rule 50(a) motion, which the District Court denied. The jury found Dupree and four of his codefendants liable and awarded Younger $700,000 in damages. Dupree did not file a post-trial motion under Rule 50(b).

Dupree appealed a single issue to the Fourth Circuit: the District Court's rejection of his exhaustion defense at summary judgment. Unfortunately for Dupree, the appeal was over before it began. Fourth Circuit precedent maintains that a claim or defense rejected at summary judgment is not preserved for appellate review unless it was renewed in a post-trial motion—even when the issue is a purely legal one. *Varghese* v. *Honeywell Int'l, Inc.*, 424 F. 3d 411, 422–423 (2005). Bound by this precedent, the panel dismissed the appeal.

The Fourth Circuit's decision further cemented a conflict among the Courts of Appeals over whether a purely legal challenge resolved at summary judgment must be renewed in a post-trial motion in order to preserve that challenge for appellate review. We granted certiorari to resolve the disagreement.[2] 598 U. S. \_\_\_ (2023).

———————

[2] Compare *Rothstein* v. *Carriere*, 373 F. 3d 275, 284 (CA2 2004) (post-trial motion not required to preserve claims of purely legal error); *Frank*

II

A

The jurisdiction of the Courts of Appeals under 28 U. S. C. §1291 is limited to "appeals from . . . final decisions of the district courts." Interlocutory orders—those that do not dispose of the whole case, like denials of summary judgment—are typically not immediately appealable under §1291.[3] Instead, the "general rule is that 'a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.'" *Quackenbush* v. *Allstate Ins. Co.*, 517 U. S. 706, 712 (1996); see also 15A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §3905.1 (3d ed. 2022) (generally, "an appeal from final judgment opens the record and permits review of all rulings that led up to the judgment").

Some interlocutory district-court rulings, however, are unreviewable after final judgment because they are over-

_____

*C. Pollara Group, LLC* v. *Ocean View Inv. Holding, LLC*, 784 F. 3d 177, 187 (CA3 2015) (same); *In re AmTrust Financial Corp.*, 694 F. 3d 741, 750–751 (CA6 2012) (same); *Chemetall GMBH* v. *ZR Energy, Inc.*, 320 F. 3d 714, 719–720 (CA7 2003) (same); *Banuelos* v. *Construction Laborers' Trust Funds for Southern Cal.*, 382 F. 3d 897, 902–903 (CA9 2004) (same); *Wolfgang* v. *Mid-America Motorsports, Inc.*, 111 F. 3d 1515, 1521 (CA10 1997) (same); *Feld* v. *Feld,* 688 F. 3d 779, 783 (CADC 2012) (same), with *Ji* v. *Bose Corp.*, 626 F. 3d 116, 127–128 (CA1 2010) (post-trial motion required to preserve claims of pure legal error); *Varghese* v. *Honeywell Int'l, Inc.*, 424 F. 3d 411, 422–423 (CA4 2005) (same); *Feld Motor Sports, Inc.* v. *Traxxas, L. P.*, 861 F. 3d 591, 596 (CA5 2017) (same); *American Builders Ins. Co.* v. *Southern-Owners Ins. Co.*, 56 F. 4th 938, 950 (CA11 2023) (same); see also *New York Marine & Gen. Ins. Co.* v. *Continental Cement Co.*, 761 F. 3d 830, 838–839 (CA8 2014) (post-trial motion not required to preserve "preliminary" legal issues).

[3] The collateral-order doctrine recognizes exceptions to this rule. For instance, an interlocutory order denying qualified immunity is sometimes immediately appealable. *Mitchell* v. *Forsyth*, 472 U. S. 511, 530 (1985).

come by later developments in the litigation. As *Ortiz* explains, one such ruling is the denial of summary judgment on sufficiency-of-the-evidence grounds. 562 U. S., at 184. Factual challenges depend on, well, the facts, which the parties develop and clarify as the case progresses from summary judgment to a jury verdict. Thus, "[o]nce the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary-judgment motion." *Ibid.* So after trial, a district court's assessment of the facts based on the summary-judgment record becomes "ancient history and [is] not subject to appeal." *Empress Casino Joliet Corp.* v. *Balmoral Racing Club, Inc.*, 831 F. 3d 815, 823–824 (CA7 2016). Fact-dependent appeals must be appraised in light of the complete trial record.

It follows, *Ortiz* holds, that a party must raise a sufficiency-of-the-evidence claim in a post-trial motion to preserve it for appeal. 562 U. S., at 191–192. Appellate review, by its nature, requires a lower court decision to review. *Freytag* v. *Commissioner*, 501 U. S. 868, 895 (1991) (Scalia, J., concurring in part and concurring in judgment) (the "very word 'review' presupposes that a litigant's arguments have been raised and considered in the tribunal of first instance"). This is especially important for factual challenges based on the trial record, which "cal[l] for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." *Cone* v. *West Virginia Pulp & Paper Co.*, 330 U. S. 212, 216 (1947). The filing of a post-trial motion under Rule 50 allows the district court to take first crack at the question that the appellate court will ultimately face: Was there sufficient evidence *in the trial record* to support the jury's verdict? Absent such a motion, "an appellate court is 'powerless' to review the sufficiency of the evidence after trial." *Ortiz*, 562 U. S., at 189 (quoting *Unitherm Food Systems, Inc.* v. *Swift-Eckrich, Inc.*, 546 U. S. 394, 405 (2006)).

B

Younger urges us to extend *Ortiz*'s holding to cover pure questions of law resolved in an order denying summary judgment. We decline the invitation.

While factual issues addressed in summary-judgment denials are unreviewable on appeal, the same is not true of purely legal issues—that is, issues that can be resolved without reference to any disputed facts. Trials wholly supplant pretrial factual rulings, but they leave pretrial legal rulings undisturbed. The point of a trial, after all, is not to hash out the law. Because a district court's purely legal conclusions at summary judgment are not "supersede[d]" by later developments in the litigation, *Ortiz*, 562 U. S., at 184, these rulings follow the "general rule" and merge into the final judgment, at which point they are reviewable on appeal, *Quackenbush*, 517 U. S., at 712.

That difference explains why a summary-judgment motion is sufficient to preserve legal but not factual claims. As *Ortiz* explains, an appellate court's review of factual challenges after a trial is rooted in the complete trial record, which means that a district court's factual rulings based on the obsolete summary-judgment record are useless. A district court's resolution of a pure question of law, by contrast, is unaffected by future developments in the case. From the reviewing court's perspective, there is no benefit to having a district court reexamine a purely legal issue after trial, because nothing at trial will have given the district court any reason to question its prior analysis. We therefore hold that a post-trial motion under Rule 50 is not required to preserve for appellate review a purely legal issue resolved at summary judgment.

C

Younger's counterarguments do not persuade us otherwise. First, he argues that under *Ortiz*, an order denying summary judgment is not a "final decision" under §1291

and cannot be appealed, regardless of whether the motion was decided on legal or factual grounds. We agree that a denial of summary judgment is "simply a step along the route to final judgment," and so is typically not immediately appealable. *Ortiz*, 562 U. S., at 184. But §1291 does not insulate interlocutory orders from appellate scrutiny; it simply delays review until final judgment. *Richardson-Merrell Inc.* v. *Koller*, 472 U. S. 424, 430 (1985) (noting that some errors in interlocutory orders "go uncorrected until the appeal of a final judgment"). Indeed, the *Ortiz* Court expressly declined to address whether summary-judgment denials on purely legal issues are reviewable. 562 U. S., at 190. That caveat would have made little sense had the Court authoritatively decided that *all* summary-judgment denials are meaningless passthroughs that appellate courts should ignore.

Next, Younger complains that Dupree's rule creates a two-track system of summary judgment, in which factual and legal claims follow different routes. Summary judgment is summary judgment, Younger insists, so the claims should all travel the same line. But nothing in Rule 56 demands such uniformity. On the contrary, the Rule provides that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact *and* the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(a) (emphasis added). Rule 56 thus contemplates that the court will sometimes deny the motion because the facts are genuinely in dispute and other times because the law does not support the movant's position. Fitting the preservation rule to the court's rationale (factual or legal) is therefore consistent with the text.

It also makes sense. Because a purely legal question is, by definition, one whose answer is independent of disputed facts, factual development at trial will not change the district court's answer. (Granted, the district court might backtrack, but if the question is purely legal, that is because

of law books, not trial exhibits.) So what would a repeat-motion requirement for legal questions typically amount to? For litigants, a copy and paste of summary-judgment motions into post-trial format. For district courts, the tedium of saying no twice. There is no reason to force litigants and district courts to undertake that empty exercise.

Rule 56 aside, Younger insists that Rule 50 supports him. Under this Rule, a district court can grant judgment as a matter of law if it finds that "a reasonable jury would not have a *legally sufficient* evidentiary basis to find for the party on that issue." Fed. Rules Civ. Proc. 50(a), (b) (emphasis added). Therefore, Younger says, a Rule 50 motion is an appropriate vehicle for raising purely legal issues once a case proceeds to trial. Maybe so, but this argument is beside the point: Even if a party *can* raise legal issues in a Rule 50 motion, nothing in the Rule *requires* her to do so.

Finally, Younger predicts that a separate preservation rule for legal issues will prove unworkable because the line between factual and legal questions can be "vexing" for courts and litigants. *Pullman-Standard* v. *Swint*, 456 U. S. 273, 288 (1982). That's a fair concern, and it would not be surprising if "prudent counsel . . . make sure to renew their arguments in a Rule 50 motion" out of an abundance of caution. *Feld* v. *Feld*, 688 F. 3d 779, 783 (CADC 2012). But Younger overstates the need for a bright-line rule in this area. "Courts of appeals have long found it possible to separate factual from legal matters." *Teva Pharmaceuticals USA, Inc.* v. *Sandoz, Inc.*, 574 U. S. 318, 328 (2015). Though there will be edge cases, the experience of the majority of circuits demonstrates that the Courts of Appeals are up to the task. See n. 2, *supra*. And for all the virtues of bright-line rules, Younger's would come at a steep cost: the loss of appellate review for unwary litigants who think it futile to relitigate an already-rejected legal argument.

## III

The Fourth Circuit was wrong to hold that purely legal issues resolved at summary judgment must be renewed in a post-trial motion. We need not decide whether the issue Dupree raised on appeal is purely legal—the Court of Appeals may evaluate that and any other properly preserved arguments in the first instance. We therefore vacate the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*